AO 91 (Rev. 08/09) Criminal Complaint

AUSA Eric M. Straus / AUSA Jonathan Tukel
Special Agent Theodore James Peisig FBI

6

# UNITED STATES DISTRICT COURT
for the

Eastern District of Michigan

United States of America
v.
UMAR FAROUK ABDULMUTALLAB,

Case: 2:09-mj-30526
Judge: Borman, Paul D
Filed: 12-26-2009 At 03:00 PM
USA v. Abdulmutallab (KJG)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __December 25, 2009__ in the county of __Wayne__ in the __Eastern__ District of __Michigan__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 18, United States Code, Sections 32(a)(1), 32 (a)(2) and 32(a)(8) | Willful Attempt to Destroy an Aircraft within the Special Aircraft Jurisdiction of the United States; Willfully Placing and Causing to be Placed a Destructive Device Upon and in Proximity to such Aircraft |

This criminal complaint is based on these facts:

See Attached Affidavit

☑ Continued on the attached sheet.

_____
Complainant's signature

Theodore James Peisig, Special Agent, FBI
Printed name and title

Sworn to before me and signed in my presence.

Date: __DEC 26 2009__

City and state: __DETROIT, MICHIGAN__

_____
Judge's signature

Honorable Paul D. Borman, United States District Judge
Printed name and title

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

Your affiant Theodore James Peissig, states as follows:

1. He is a Special Agent of the Federal Bureau of Investigation, and has been so employed for more than 12 years. Your affiant is currently assigned to a Counter-Terrorism Squad in Detroit, and has been involved in counter-terrorism matters for more than six years.

2. This affidavit is submitted in support of a criminal complaint against UMAR FAROUK ABDULMUTALLAB, date of birth December 22, 1986, a Nigerian national, for violations of Title 18, United States Code, Section 32 (Destruction of Aircraft or Aircraft Facilities, and Wilful Attempts to Do So).[1] This affidavit is based on your affiant's personal knowledge as

---

[1] 18 U.S.C. § 32 provides:

(a) Whoever wilfully–

(1) sets fire to, damages, destroys, disables, or wrecks any aircraft in the special aircraft jurisdiction of the United States or any civil aircraft used, operated, or employed in interstate, overseas, or foreign air commerce;

(2) places or causes to be placed a destructive device or substance in, upon, or in proximity to, or otherwise makes or causes to be made unworkable or unusable or hazardous to work or use, any such aircraft, or any part or other materials used or intended to be used in connection with the operation of such aircraft, if such placing or causing to be placed or such making or causing to be made is likely to endanger the safety of any such aircraft;

(3) sets fire to, damages, destroys, or disables any air navigation facility, or interferes by force or violence with the operation of such facility, if such fire, damaging, destroying, disabling, or interfering is likely to endanger the safety of any such aircraft in flight;

(4) with the intent to damage, destroy, or disable any such aircraft, sets fire to, damages, destroys,
(continued...)

---

[1](...continued)
or disables or places a destructive device or substance in, upon, or in proximity to, any appliance or structure, ramp, landing area, property, machine, or apparatus, or any facility or other material used, or intended to be used, in connection with the operation, maintenance, loading, unloading or storage of any such aircraft or any cargo carried or intended to be carried on any such aircraft;

**(5)** interferes with or disables, with intent to endanger the safety of any person or with a reckless disregard for the safety of human life, anyone engaged in the authorized operation of such aircraft or any air navigation facility aiding in the navigation of any such aircraft;

**(6)** performs an act of violence against or incapacitates any individual on any such aircraft, if such act of violence or incapacitation is likely to endanger the safety of such aircraft;

**(7)** communicates information, knowing the information to be false and under circumstances in which such information may reasonably be believed, thereby endangering the safety of any such aircraft in flight; or

**(8)** attempts or conspires to do anything prohibited under paragraphs (1) through (7) of this subsection;

shall be fined under this title or imprisoned not more than twenty years or both.

Title 18, United States Code, Section 31(b) provides that for purposes of "this Chapter" i.e., Chapter Two of Title 18, United States Code, the term "special aircraft jurisdiction of the United States" shall have the same meaning as in Section 46501 of Title 49, United States Code. (Title 18, United States Code, Section 32, the offense charged in this Complaint, is also part of Chapter Two of Title 18, United States Code, and thus employs the definitions set forth in section 31(b).)

Section 46501(2)(A) of Title 49, United States Code, in turn defines "special aircraft jurisdiction of the United States" to include "a civil aircraft of the United States." Northwest

(continued...)

well as reports made by other law enforcement officers. Because this affidavit is being submitted for the limited purpose of establishing probable cause for the issuance of the complaint, it does not contain every fact known to your affiant or other agents of the Federal Bureau of Investigation.

3. On December 24, 2009, UMAR FAROUK ABDULMUTALLAB boarded Northwest Airlines Flight 253 in Amsterdam, Netherlands, which was scheduled to arrive in Detroit, Michigan, on December 25, 2009. The flight carried 279 passengers and 11 crew members. UMAR FAROUK ABDULMUTALLAB had a device attached to his body. According to witnesses on the airplane, just prior to the plane's landing, UMAR FAROUK ABDULMUTALLAB set off a device, which resulted in a fire and what appears to have been an explosion. UMAR FAROUK ABDULMUTALLAB was subdued and restrained by passengers and flight crew. The airplane landed at Detroit Metropolitan Airport almost immediately after. According to preliminary analysis, the device was identified as containing PETN, which is also known as pentaerythritol, a high explosive. Much more complete laboratory analysis is ongoing. PETN is an "explosive" within the meaning of section 921(a)(4) of Title 18, United States Code, i.e., an explosive; the device carried by UMAR FAROUK ABDULMUTALLAB appears to have been an "explosive device" within the meaning of section 921(a)(4) of Title 18, United States Code, i.e., an explosive bomb.

---

[1](...continued)
Airlines, on which the offense alleged took place, is a United States commercial airline which is part of Delta Airlines, also a United States commercial airline. Thus, flight 253 involved a "civil aircraft of the United States" and the offense at issue therefore took place in the special aircraft jurisdiction of the United States.

4.  Upon landing, UMAR FAROUK ABDULMUTALLAB was taken into custody by Customs and Border Protection (CBP) officers. UMAR FAROUK ABDULMUTALLAB required medical treatment, and was transported to the University of Michigan Medical Center.

5.  Following arrival at Detroit Metropolitan Airport, agents attempted to interview all passengers and crew members of Flight 253. In general, those individuals who were on the flight and who were able see ABDULMUTALLAB report that prior to the incident, ABDULMUTALLAB went to the bathroom for approximately twenty minutes. Upon returning to his seat, ABDULMUTALLAB stated that his stomach was upset, and he pulled a blanket over himself. Passengers then heard popping noises similar to firecrackers, smelled an odor, and some observed ABDULMUTALLAB's pants leg and the wall of the airplane on fire. Passengers and crew then subdued ABDULMUTALLAB and used blankets and fire extinguishers to put out the flames. One flight attendant [Dionne Ransom-Monroe] stated that she asked ABDULMUTALLAB what he had had in his pocket, and he replied "explosive device." A passenger stated that he observed ABDULMUTALLAB holding what appeared to be a partially melted syringe, which was smoking. The passenger took the syringe from ABDULMUTALLAB, shook it to stop it from smoking, and threw it to the floor of the aircraft. FBI agents later recovered what appears to be the remnants of the syringe from the vicinity of ABDULMUTALLAB's seat, believed to have been part of the device. As noted, these statements do not represent the entirety of statements made to investigating agents by passengers and crew, but are merely a portion of such evidence gathered.

6.  Venue is proper in the Eastern District of Michigan. Title 18, United States Code, Section 3238 provides in part "The trial of all offenses begun or committed upon the high seas, or elsewhere out of the jurisdiction of any particular State or district, shall be in the district in which

the offender, or any one of two or more joint offenders, is arrested or is first brought." As noted, UMAR FAROUK ABDULMUTALLAB was arrested by CBP officers in the Eastern District of Michigan, and thus venue will lie in this district.

7. Based on the foregoing, your affiant is of the opinion that there is probable cause to believe that UMAR FAROUK ABDULMUTALLAB wilfully attempted to destroy or wreck an aircraft within the special aircraft jurisdiction of the United States, in violation of Title 18, United States Code, Section 32(a)(1); and that he placed and caused to be placed a destructive device upon and in proximity to such an aircraft, in violation of Title 18, United States Code, Section 32(a)(2), all as prohibited by Section 32(a)(8) of Title 18, United States Code.

8. Further, your affiant sayeth not.

Theodore James Peissig, Special Agent
Federal Bureau of Investigation

Sworn to and subscribed before me this 26th day of December, 2009.

HONORABLE PAUL D. BORMAN
United States District Judge

3pM