UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

-vs-

D-1   UMAR FAROUK ABDULMUTALLAB,

    Defendant.

_____/

Case: 2:10-cr-20005
Judge: Edmunds, Nancy G
MJ: Scheer, Donald A
Filed: 01-06-2010 At 02:20 PM
IND USA V ABDULMUTALLAB (at)

VIO: 18 U.S.C. § 2332a(a)(2)
18 U.S.C. § 1113
49 U.S.C. § 46506
18 U.S.C. §§ 32(a)(1), 32(a)(2), 32(a)(8)
18 U.S.C. § 924(c)(1)(A)
18 U.S.C. § 924(c)(1)(B)(ii)

# INDICTMENT

THE GRAND JURY CHARGES THAT:

## COMMON ALLEGATIONS

1.    At all times material to this Indictment, Delta Airlines was a United States commercial airline of which Northwest Airlines was a subsidiary. Delta Airlines operated flights under both the Delta and Northwest Airlines names.

2.    On December 25, 2009, Northwest flight 253 (hereinafter, "Flight 253") flew from Amsterdam, the Netherlands, to Detroit Metropolitan Airport, Romulus, Michigan, carrying 279 passengers and 11 crew members. At all times material to this Indictment, Flight 253 was in the "special aircraft jurisdiction of the United States" within the meaning of section 46501(2)(A) of Title 49, United States Code, and Section 31(b) of Title 18, United States Code.

3.    Defendant Umar Farouk Abdulmutallab is a Nigerian national who was a passenger on Flight 253.

4. Venue is proper in the Eastern District of Michigan.

5. On December 25, 2009, Defendant Umar Farouk Abdulmutallab boarded Flight 253 in Amsterdam, the Netherlands, carrying a concealed bomb (hereinafter, "the Bomb"). The Bomb consisted of a device containing Pentaerythritol Tetranitrate (also known as and hereinafter referred to as "PETN"), Triacetone Triperoxide (also known as and hereinafter referred to as "TATP"), and other ingredients. The Bomb was concealed inside Defendant Umar Farouk Abdulmutallab's clothing. The Bomb was designed to allow Defendant Umar Farouk Abdulmutallab to detonate it at a time of his choosing, and to thereby cause an explosion aboard Flight 253.

6. PETN is a high explosive, and thus is an "explosive" within the meaning of section 921(a)(4) of Title 18, United States Code.

7. TATP is a high explosive, and thus is an "explosive" within the meaning of section 921(a)(4) of Title 18, United States Code.

8. The Bomb constituted a "destructive device" within the meaning of section 921(a)(4) of Title 18, United States Code, that is, a bomb containing an explosive.

9. The Bomb constituted "a weapon of mass destruction" within the meaning of Section 2332a(c)(2)(A) of Title 18, United States Code, that is, a destructive device.

10. The Bomb constituted a "firearm" within the meaning of Section 921(a)(3) of Title 18, United States Code, that is, a destructive device.

11. The aircraft used for Flight 253 constituted a facility of interstate and foreign commerce, within the meaning of Section 2332a(a)(2)(B) of Title 18, United States Code.

12. On December 25, 2009, shortly prior to landing at Detroit Metropolitan Airport, Defendant Umar Farouk Abdulmutallab detonated the Bomb, causing a fire on board Flight 253.

## COUNT ONE

(18 U.S.C. § 2332a(a)(2) – ATTEMPTED USE OF A WEAPON OF MASS DESTRUCTION)

D-1   UMAR FAROUK ABDULMUTALLAB

1. The Common Allegations are incorporated by reference as if set forth in full herein.

2. On or about December 25, 2009, Defendant Umar Farouk Abdulmutallab, without lawful authority, knowingly used and attempted to use a weapon of mass destruction, that is, the Bomb, against a person within the United States, that is, the passengers and crew of Flight 253, and against property within the United States, that is the aircraft used for Flight 253. Defendant Abdulmutallab used a facility of interstate and foreign commerce in furtherance of the offense; Defendant Abdulmutallab traveled in interstate and foreign commerce in furtherance of the offense; the aircraft used for Flight 253 was used in interstate and foreign commerce; and the results of the offense affected interstate and foreign commerce and would have affected interstate and foreign commerce.

In violation of Section 2332a(a)(2) of Title 18, United States Code.

## COUNT TWO

(18 U.S.C. § 1113, 49 U.S.C. § 46506 – ATTEMPTED MURDER WITHIN THE SPECIAL AIRCRAFT JURISDICTION OF THE UNITED STATES)

D-1    UMAR FAROUK ABDULMUTALLAB

1. The Common Allegations are incorporated by reference as if set forth in full herein.

2. On or about December 25, 2009, within the special aircraft jurisdiction of the United States, Defendant Umar Farouk Abdulmutallab attempted to murder 289 individuals, that is, the remaining passengers and crew of Flight 253, by detonating the Bomb.

In violation of Section 1113 of Title 18, United States Code, and Section 46506 of Title 49, United States Code.

## COUNT THREE

(18 U.S.C. §§ 32(a)(8) and 32(a)(1) – WILLFUL ATTEMPT TO DESTROY AND WRECK AN AIRCRAFT WITHIN THE SPECIAL AIRCRAFT JURISDICTION OF THE UNITED STATES)

D-1    UMAR FAROUK ABDULMUTALLAB

1. The Common Allegations are incorporated by reference as if set forth in full herein.

2. On or about December 25, 2009, in the special aircraft jurisdiction of the United States, Defendant Umar Farouk Abdulmutallab attempted to willfully destroy and wreck an aircraft, that is, Flight 253, which was within the special aircraft jurisdiction of the United States.

In violation of Sections 32(a)(8) and 32(a)(1) of Title 18, United States Code.

## COUNT FOUR

(18 U.S.C. § 32(a)(2) – WILLFULLY PLACING A DESTRUCTIVE DEVICE IN, UPON AND IN PROXIMITY TO AN AIRCRAFT WITHIN THE SPECIAL AIRCRAFT JURISDICTION OF THE UNITED STATES, WHICH WAS LIKELY TO ENDANGER THE SAFETY OF SUCH AIRCRAFT)

D-1    UMAR FAROUK ABDULMUTALLAB

1. The Common Allegations are incorporated by reference as if set forth in full herein.

2. On or about December 25, 2009, Defendant Umar Farouk Abdulmutallab willfully placed a destructive device, that is, the Bomb, in, upon, and in proximity to an aircraft, that is, the aircraft used for Flight 253, which was in the special aircraft jurisdiction of the United States. The act of placing the Bomb was likely to endanger the safety of Flight 253.

In violation of Section 32(a)(2) of Title 18, United States Code.

## COUNT FIVE

(18 U.S.C. §§ 924(c)(1)(A) and 924(c)(1)(B)(ii) – POSSESSION OF A FIREARM/DESTRUCTIVE IN FURTHERANCE OF A CRIME OF VIOLENCE)

1. The Common Allegations are incorporated by reference as if set forth in full herein.

2. On or about December 25, 2009, Defendant Umar Farouk Abdulmutallab, knowingly used and carried a firearm, that is, the Bomb, which firearm also constituted a destructive device, during and in relation to one or more crimes of violence for which he may be prosecuted in a court of the United States, that is, (A) Attempted Use of A Weapon of Mass Destruction, as alleged in Count One of this Indictment; (B) Attempted Murder, as alleged in Count Two of this Indictment; (C) Willful Attempt to Wreck and Destroy an Aircraft Within the Special Aircraft Jurisdiction of the

United States, as alleged in Count Three of this Indictment; and (D) Willfully Placing a Destructive Device In, Upon and in Proximity to an Aircraft Within the Special Aircraft Jurisdiction of the United States, Which Was Likely to Endanger the Safety of Such Aircraft, as alleged in Count Four of this Indictment.

In violation of Sections 924(c)(1)(A) and 924(c)(1)(B)(ii) of Title 18, United States Code.

### COUNT SIX

(18 U.S.C. §§ 924(c)(1)(A) and 924(c)(1)(B)(ii) – POSSESSION OF A FIREARM/DESTRUCTIVE IN FURTHERANCE OF A CRIME OF VIOLENCE)

1. The Common Allegations are incorporated by reference as if set forth in full herein.

2. On or about December 25, 2009, Defendant Umar Farouk Abdulmutallab, knowingly possessed a firearm, that is, the Bomb, which firearm also constituted a destructive device, in furtherance of one or more crimes of violence for which he may be prosecuted in a court of the United States, that is, (A) Attempted Use of A Weapon of Mass Destruction, as alleged in Count One of this Indictment; (B) Attempted Murder, as alleged in Count Two of this Indictment; (C) Willful Attempt to Wreck and Destroy an Aircraft Within the Special Aircraft Jurisdiction of the United States, as alleged in Count Three of this Indictment; and (D) Willfully Placing a Destructive Device In, Upon and in Proximity to an Aircraft Within the Special Aircraft Jurisdiction of the United

States, Which Was Likely to Endanger the Safety of Such Aircraft, as alleged in Count Four of this Indictment.

In violation of Sections 924(c)(1)(A) and 924(c)(1)(B)(ii) of Title 18, United States Code.

THIS IS A TRUE BILL

s/Grand Jury Foreperson
GRAND JURY FOREPERSON

BARBARA L. McQUADE
United States Attorney,
Eastern District of Michigan

s/Jonathan Tukel
JONATHAN TUKEL (P41642)
Assistant U.S. Attorney
Chief, National Security Unit
211 West Fort Street, Suite 2001
Detroit, Michigan 48226
Phone: (313) 226-9749
Email: Jonathan.Tukel@usdoj.gov

s/Cathleen M. Corken
CATHLEEN M. CORKEN
Assistant U.S. Attorney
211 West Fort Street, Suite 2001
Detroit, Michigan 48226
Phone: (313) 226-0206
Email: Cathleen.Corken@usdoj.gov

s/Michael C. Martin
MICHAEL C. MARTIN
Assistant U.S. Attorney
211 West Fort Street, Suite 2001
Detroit, Michigan 48226
Phone: (313) 226-9670
Email: Michael.C.Martin@usdoj.gov

Dated: January 6, 2010

| United States District Court<br>Eastern District of Michigan | Criminal Case Cove | Case:2:10-cr-20005<br>Judge: Edmunds, Nancy G<br>MJ: Scheer, Donald A<br>Filed: 01-06-2010 At 02:20 PM<br>IND USA V ABDULMUTALLAB (at) |
|---|---|---|

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to complete it accurately in all respects.

## Reassignment/Recusal Information
This matter was opened in the USAO prior to August 15, 2008   [ ]

| Companion Case Information | Companion Case Number: |
|---|---|
| This may be a companion case based upon LCrR 57.10 (b)(4)[1]: | Judge Assigned: |
| ☐ Yes    ☒ No | AUSA's Initials: |

**Case Title:** USA v. UMAR FAROUK ABDULMUTALLAB

**County where offense occurred:** Wayne County

**Check One:**   ☒ Felony    ☐ Misdemeanor    ☐ Petty

____Indictment/____Information --- **no** prior complaint.
_X_ Indictment/____Information --- based upon prior complaint [Case number: 09-30526]
____Indictment/____Information --- based upon LCrR 57.10 (d) *[Complete Superseding section below]*.

## Superseding Case Information

**Superseding to Case No:** _____   **Judge:** _____

☐ Original case was terminated; no additional charges or defendants.
☐ Corrects errors; no additional charges or defendants.
☐ Involves, for plea purposes, different charges or adds counts.
☐ Embraces same subject matter but adds the additional defendants or charges below:

**Defendant name**          **Charges**          **Prior Complaint (if applicable)**

Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.

January 6, 2010
Date

JONATHAN TUKEL
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226-3277
Phone: (313) 226-9749
Fax: (313) 226-3413
E-Mail address: Jonathan.Tukel@usdoj.gov

---

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.

10/13/09