UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                              CRIMINAL NO. 2:10-CR-20005

        Plaintiff,        HONORABLE NANCY G. EDMUNDS

v.

 UMAR FAROUK ABDULMUTALLAB,

        Defendant.

_____/

### STANDBY COUNSEL'S BRIEF IN RESPONSE TO THE GOVERNMENT'S MOTION FOR IMMEDIATE HEARING TO DETERMINE DEFENDANT'S CONCURRENCE WITH, AND TO ADDRESS SUBJECT OF, STANDBY COUNSEL'S SEALED MOTION

On August 12, 2011 the government filed a motion that states 1) all of the motions and exhibits that were filed under seal by standby counsel should be unsealed because they were "improperly filed" and 2) that standby counsel is interfering with the Defendant's right to self-representation.

The Government recent motion is a clear indication of their unwillingness to stand firm on their earlier positions. When standby counsel first became involved in this case the government adamantly opposed letting standby counsel review the discovery unless a protective order was signed. The government claimed the items in the discovery were matters of National Security and information pertaining to these items could not be released to the public. The government did everything in its power to prohibit standby counsel from releasing "classified information" to the public. And as such, standby counsel has strictly adhered to the protective order. Now the government has changed their position and they feel standby counsel's motions and briefs should be unsealed even

though these documents reference items used in the investigation that the government claimed were matters of "national security."

Additionally, the government cites to *McKaskle v. Wiggins*, 465 U.S. 168 (1984), and they once again, incorrectly, attempt to address the issue of a Defendant's right to self-representation. The government proceeds by making the exact same arguments they made in their Motion to Define the Role of Standby Counsel at Trial (Docket No. 48), which was filed on June 24, 2011, and argued before the Court on July 7, 2011. At this stage their argument is redundant and futile considering the fact that the Honorable Judge Edmonds has already issued an order on the matter. Simply attempting to recycle the arguments from the earlier motion that the court denied is waste of court resources and time.

The Supreme Court has held that the Sixth Amendment right to the assistance of counsel "implicitly embodies a 'correlative right to dispense with a lawyer's help.' *United States v. Faretta,* 422 U.S. 806, 814 (1975) (citing *Adams v. United States,* 317 U.S. 269, 279 (1942)). The *Faretta* Court recognized that "in most criminal prosecutions defendants could better defend with counsel's guidance than by their own unskilled efforts." *Id.* at 834; *see also id.* at 835.

It is clear that the government has attempted and continues to try to find ways to remove standby counsel in an effort to expose a Defendant that has limited legal knowledge. Standby counsel is merely attempting to ensure that the Defendant receives the fair trial that he deserves and justice is properly administered. Contrary to what the Government's wishes, standby counsel refuses to sit idle while experienced government counsel takes advantage of the Defendant. The Defendant does not consent to the

Defendant's motion that was filed under seal, but even as standby counsel, it is an obligation and necessity that the motion was filed and brought to the attention of the court. Furthermore, the Defendant is aware that the motion under seal was filed.

## STATEMENT OF FACTS

On August 5, 2011 standby counsel filed several motions on behalf of Defendant ABDULMUTALLAB. Two motions were filed under seal and the Defendant was only aware of one motion at the time of filing. This was done as a tactical matter and since filing the motion the Defendant and standby counsel have conversed extensively about the motion that he was previously unaware of. The Defendant does not consent to standby counsel's motion yet he understands standby counsel's reasoning behind the motion.

On August 12, 2011 the government filed a motion that states 1) all of the motions and exhibits that were filed under seal by standby counsel should be unsealed because they were "improperly filed" and 2) that standby counsel is interfering with the Defendant's right to self-representation.

Additionally, the government suggests that standby counsel has developed a practice of filing motions without the Defendant's knowledge or consent, and has committed this act on three prior occasions. However, this is far from the truth and a complete misrepresentation of what has occurred in the instant matter. Standby counsel has effectively and efficiently proceeded on this case at the direction of Defendant ABDULMUTALLAB. Standby counsel files motions at the direction of the Defendant and proceeds in according to the Defendant's wishes and interests.  In fact, standby counsel has drafts of motions filed on August 5, 2011, that the Defendant edited with pen

and signed. It is without question that the Defendant is in full control of his case and he is well aware of every motion that has been filed.

The motion that was filed without the consent of the Defendant is of a procedural nature and standby counsel believes that such a motion was necessary with or without the consent of the Defendant given the circumstances in this case. It is an obligation of all lawyers to bring such matters before the court to prevent issues from arising in the future and as such standby counsel filed the motion without the consent of the Defendant. In fact, perhaps the Assistant U.S. Attorney should have filed such a motion.

> I. STANDBY COUNSEL'S TWO SEALED MOTIONS AND EXHIBITS FOR THE MOTION TO SUPPRESS SHOULD REMAIN SEALED

The decision of whether to disclose court records is a matter within the trial court's discretion, which is "to be exercised in light of the relevant facts and circumstances of the particular case." *Nixon v. Warner,* 435 U.S. 589, 599, (1978). Courts recognize a general right to inspect and copy public records and documents, including judicial records and documents however, this right is not absolute. *Id.* Instead, a court may deny access to judicial records when those documents could become a vehicle for improper purposes. *Id.* Such improper purposes include the use of court records "to gratify private spite…..or to even serve as reservoirs of libelous statements for press consumption." *Id*.

On October 14, 2011, standby counsel agreed to a stipulated protective order. The protective order included language such as, "stand-by counsel shall not disclose to anyone other than the Defendant, or discuss with anyone other than the Defendant, any of the materials provided by the government." (Docket No. 25, ¶ 4). In fact, the government

4

refused to provide discovery to standby counsel until standby counsel agreed to adhere to the terms of the protective order. Interestingly enough, ten months later, the government now indicates that they want standby counsel to knowingly violate the protective order and publicly file motions. The government has even indicated that they want the court to unseal motions that were previously filed by standby counsel under seal.

The same material that the government claimed were matters of "national security" less than ten months ago are now items the government wishes to bring to the public's attention via standby counsel's motions that were filed under seal. The government has gone as far as to suggest that the exhibits that were filed under seal with the motion to suppress statements should be unsealed as well. Those exhibits are FBI investigative reports!

If standby counsel publicly filed those motions and exhibits it would be a direct violation of the protective order. As of August 12, 2011, the position the government has taken directly contradicts their earlier position and even encourages standby counsel to violate the protective order that they insisted and claimed was necessary for national security!

Furthermore, these matters are sensitive and could cause irreparable harm to the Defendant's defense if such matters are released to the public. These motions and exhibits were filed under seal for purposes of the protective order and to protect the Defendant's constitutionally protected rights. The government wishes for these documents to be unsealed for improper purposes. The unsealing of the motions and exhibits serves no purpose other than to "gratify public spite" and they would "serve as reservoirs of libelous statements for press consumption." What once were matters of

national security are now tools the government is attempting to use to release to the public in a clear attempt to create a bias amongst potential jurors.

If an error was committed, to punish the Defendant by unsealing the motions that were filed by standby counsel would be a disservice to the Defendant and would also infringe upon the Defendant's right to a fair trial. Standby counsel merely was acting on behalf of the Defendant, on the Defendant's wishes. Standby counsel filed the motions under seal at the direction of the Defendant. By all means if the Defendant was able to physically file the motion under seal he would have, but given his current predicament that is not possible and standby counsel was simply operating under the orders of the Defendant. As such, the Defendant should not be punished for a potential procedural error committed by standby counsel.

This is another obtuse argument presented by the government. In certain sections of their motion they argue that standby counsel should not be allowed to do certain things for the Defendant as standby counsel is "interfering with the Defendant's right to self-representation." This goes against everything our Constitution represents and this Court should not entertain such arguments.

    II.    <u>STANDBY COUNSEL'S FILING OF A SEALED MOTION WITHOUT THE CONSENT OF THE DEFENDANT DOES NOT INFRINGE ON THE DEFENDANT'S RIGHT TO SELF-REPRESENTATION</u>

The exact role of standby counsel is largely undefined, however the Supreme Court has placed two limitations on that role: "First, the *pro se* defendant is entitled to preserve actual control over the case he chooses to present to the jury.... Second, participation by standby counsel without the defendant's consent should not be allowed to

6

destroy the jury's perception that the defendant is representing himself." *McKaskle v. Wiggins*, 465 U.S. 168, 178 (1984).

The Supreme Court also observed that the defendant's right to represent himself is not infringed when standby counsel assists the *pro se* defendant in overcoming routine procedural or evidentiary obstacles to the completion of some specific task, such as introducing evidence or objecting to testimony, that the defendant has clearly shown he wishes to complete. *Wiggins,* 465 U.S. at 183. Nor are they infringed when counsel merely helps to ensure the defendant's compliance with basic rules of courtroom protocol and procedure. *Id*. at 183.

Standby counsel did file a motion without the consent of the Defendant. The Defendant is aware of the motion and understands why the motion was filed. This is a matter that standby counsel believes should be brought to the court's attention and it is a matter that should not be ignored. Contrary to the government's arguments about standby counsel over-stepping its boundaries and infringing upon the Defendant's right to self-representation, had standby counsel not filed this motion than it can easily be said that standby counsel did not fulfill its legal obligations to the Defendant.

Defendant ABDULMUTALLAB still has control over the case he chooses to present to the jury and participation by standby counsel without the defendant's consent did not destroy the jury's perception that the defendant is representing himself. Standby counsel did not violate either of the two limitations that the Supreme Court set forth in *Wiggins* and as such the Defendant's right to self-representation has not been infringed upon.

CONCLUSION

It is evident that over time, the government has forgotten about the existence of the protective order in this case. Standby counsel and the Defendant have filed motions under seal in an effort to adhere to the terms of the protective order. The motions that were filed under seal include direct references to discovery. The same discovery that the government claimed ten months ago were matters of "national security." Now today the government wants to unseal these motions and exhibits for what is clearly an improper purpose. Even in their motion the government failed to address the protective order and they also failed to provide any valid justification for unsealing the motions other than the argument that standby counsel committed a "procedural error." The information contained within the Defendant's motions are sensitive and to unseal them would without question cause irreparable harm.

However troubling such acts may seem, at this point many of the government's intentions and actions do not appear to be in the name of justice. Since standby counsel first became involved in this case the government has went to great lengths to limit standby counsel's role. The government has made accusations that standby counsel filed several motions without any notice to the Defendant or without the consent of the Defendant. The government's arguments are misguided and misplaced. The Defendant and standby counsel have a great working relationship and standby counsel operates at the direction of the Defendant. Standby counsel has in no way infringed upon the Defendant's right to self-representation. The Defendant is in control and standby counsel merely assists the Defendant in navigating through the legal spectrum in which the Defendant has no prior training or experience.

                    Respectfully Submitted,

                    <u>s/ Anthony T. Chambers</u>
                    Anthony T. Chambers (P38177)
                    535 Griswold, Suite 1330
                    Detroit, Michigan 48226
                    (313) 964-5557
                    (313) 964-4801 Fax
                    achamberslaw@gmail.com

Date: August 15, 2011

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,
        Plaintiff,                CRIMINAL NO.  2:10-CR-20005
                                      HONORABLE NANCY G. EDMUNDS
     v.

 D-1, UMAR FAROUK ABDULMUTALLAB,
        Defendant.
_____/

### CERTIFICATION

     I hereby certify that the forgoing papers were electronically filed this date, served electronically or by mail to the following:

**AUSA JONATHAN TUCKEL**
United States Attorneys Office
211 West Fort Street, Suite 2001
Detroit, MI 48226
jonathan.tukel@usdoj.gov

**AUSA CATHLEEN CORKEN**
United States Attorneys Office
211 West Fort Street, Suite 2001
Detroit, MI 48226

**AUSA MICHAEL MARTIN**
United States Attorneys Office
211 West Fort Street, Suite 2001
Detroit, MI 48226

Date: August 17, 2011                        By: s/ Anthony T. Chambers